1  BINGHAM McCUTCHEN LLP
   THOMAS E. KUHNLE (SBN 178055)
2  AARON SCHUR (SBN 229566)
   1900 University Avenue
3  East Palo Alto, CA  94303-2223
   Telephone:  (650) 849-4400
4  Facsimile:  (650) 849-4800

5  Attorneys for Defendant Mitsubishi Motors North
   America, Inc. and Defendant, Counterclaimant, and
6  Cross-claimant Mitsubishi Motors Credit of America,
   Inc.
7
   SEVERSON & WERSON, P.C.
8  DUANE M. GECK (State Bar No. 114823)
   DAVID E. PINCH (State Bar No. 124851)
9  A Professional Corporation
   One Embarcadero Center, Suite 2600
10 San Francisco, CA  94111
   Telephone:  (415) 398-3344
11 Facsimile:  (415) 956-0439

12 Attorneys for Defendant, Counterclaimant, and Cross-
   claimant Mitsubishi Motors Credit of America, Inc.
13
                 UNITED STATES DISTRICT COURT
14
               NORTHERN DISTRICT OF CALIFORNIA
15
                  SAN FRANCISCO DIVISION
16

17
   UKIAH AUTOMOTIVE INVESTMENTS, d.b.a.        No. C-04-03932 MMC
18 UKIAH MITSUBISHI, a California corporation,
                                               [PROPOSED] STIPULATED
19               Plaintiff,                     PROTECTIVE ORDER
          v.
20
   MITSUBISHI MOTORS OF NORTH
21 AMERICA, INC. AND MITSUBISHI MOTORS
   CREDIT OF NORTH AMERICA, INC., and
22 DOES 1 through 33, inclusive,

23               Defendants.

24 ─────────────────────────────────────────
   AND RELATED ACTIONS
25

26

1    Ukiah Automotive Investments, Thomas Cogliano, Mitsubishi Motors of North

2  America, Inc. and Mitsubishi Credit of North America, Inc. (collectively, the "Parties") stipulate

3  and agree as follows:

4                              **STIPULATED PROTECTIVE ORDER**

5    WHEREAS, the Parties believe that certain information that may be divulged in

6  this litigation may contain non-public financial, private, research, development, or commercial

7  information, as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure;

8    WHEREAS, the Parties believe that such information may be relevant to the

9  subject matter involved in the pending action within the meaning of Rule 26(b) of the Federal

10  Rules of Civil Procedure; and

11    WHEREAS, the Parties believe that it would serve both their interests and the

12  public interest to conduct discovery under a protective order pursuant to Rule 26(c) of the

13  Federal Rules of Civil Procedure.

14                                       **ORDER**

15    In accordance with the stipulation of the Parties, and good cause appearing

16  therefore, the Court enters the following protective order:

17  **1.    MATERIALS SUBJECT TO THIS ORDER**

18    This Order allows designation of any information or material produced, formally

19  or informally, in response to a discovery request, including, without limitation, all depositions,

20  documents, information or things produced in response to requests for production of documents,

21  response to a subpoena, answers to interrogatories, responses to requests for admissions, all other

22  discovery taken pursuant to the Federal Rules of Civil Procedure, and any information or

23  material produced pursuant to any disclosure obligations imposed by the Federal Rules of Civil

24  Procedure or the Court's local rules, any information or material disclosed or produced on an

25  informal basis, or any material filed with the Court ("Case Materials").  The person or entity

26  producing, filing, providing or disclosing such materials is referred to in this Order as the

1    "Designating Person."

2            a.      As a general guideline, most Case Materials need not be specially

3    designated under this Order.  Certain material, however, may be designated "CONFIDENTIAL"

4    if it constitutes non-public, private or personal information, or confidential research,

5    development or commercial information.  *See* Rule 26(c) of the Federal Rules of Civil

6    Procedure.  Before designating all or any portions of any document or information

7    "CONFIDENTIAL," counsel for the Designating Party shall make a good faith determination

8    that protection is warranted under Rule 26(c) of the Federal Rules of Civil Procedure.

9            b.      As a general guideline, the following material may not be designated

10   "CONFIDENTIAL" under this Order:

11                  (i)      information that was, is or becomes public knowledge, not in

12   violation of this Order;

13                  (ii)     information that is acquired by the non-Designating Party from a

14   third party having the right to disclose such information or material; or

15                  (iii)    information that was lawfully possessed by the non-Designating

16   Party prior to entry by the Court of this Order.

17   2.      **ACCESS TO CONFIDENTIAL MATERIALS**

18           Case Materials shall not be used or disclosed for any purposes other than the

19   litigation of this action.  Material designated "CONFIDENTIAL" may be disclosed only to:

20           a.      Officers, directors, members and/or employees of Parties to this action

21   provided that any such person has signed an Undertaking in the form of Exhibit A attached

22   hereto.

23           b.      Outside counsel of record for Parties to this action, their legal associates,

24   their regularly employed office staffs, and outside vendors retained to copy documents,

25   excluding, however, individuals who are officers or directors of a named party or owners of

26   more than a two-percent interest in a named party.

1           c.      Third-party consultants provided that any such person has signed an

2    Undertaking in the form of Exhibit A attached hereto.  Before disclosing any materials marked

3    "CONFIDENTIAL" to a consultant, counsel shall provide to the other Parties a copy of a resume

4    or curriculum vitae describing in detail:  (1) the expert or consultant's employment history; and

5    (2) every consulting relationship in which such expert or consultant is currently engaged or has

6    been engaged in the past four years.  The notified Parties shall have ten (10) business days from

7    receipt of the notice to deliver to the notifying party written objections, if any, setting forth in

8    detail the reasons therefor.  Upon timely objection, disclosure of materials marked

9    "CONFIDENTIAL" to the consultant shall not be made, subject to a successful motion for relief

10   brought by the party seeking disclosure.  Absent timely objection, the consultant shall be deemed

11   approved.

12          d.      The Court, appropriate Court personnel, and Court reporters as necessary

13   without the need of further order of this Court.

14          e.      Any person who appears as an author or addressee on the face of the

15   document.

16          f.      Any deponent and the deponent questioned accordingly.  The deponent

17   will be advised of the existence of the confidentiality order before deposition and the order shall

18   provide that every person who is examined in accordance with the Federal Rules of Civil

19   Procedure shall be subject to the terms of this confidentiality order and shall take no action to

20   disclose such materials deemed confidential by the parties outside the scope of these judicial

21   proceedings.

22   **3.     MARKING MATERIALS**

23         Material shall be designated "CONFIDENTIAL" by placing an appropriate

24   legend on each page prior to production or service.  Material not reduced to documentary,

25   tangible or physical form or which cannot be conveniently designated in the manner set forth

26   herein shall be designated by the producing party by informing the receiving party in writing.

1    4.    **DESIGNATING DEPOSITIONS**

2          a.    Deposition transcripts or portions thereof may be designated either:

3    (i) when or before the testimony is recorded, in which case the transcript of the designated

4    testimony shall be bound in a separate volume and marked by the reporter, as the Designating

5    Person may direct; or (ii) by captioned, written notice to the reporter and all counsel of record,

6    given within thirty (30) business days after the reporter sends written notice that the transcript is

7    available for review, in which case all counsel receiving such notice shall be responsible for

8    marking the copies of the designated transcript or portion thereof in their possession or control as

9    directed by the Designating Person.  Pending expiration of the thirty (30) business days, the

10   deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

11         b.    Where testimony is designated at a deposition, the Designating Person

12   may exclude from the deposition all persons other than those to whom materials marked

13   "CONFIDENTIAL" may be disclosed under paragraph 2 of this Order.

14         c.    Any party may mark materials marked "CONFIDENTIAL" as a

15   deposition exhibit and examine any witness thereon, provided that the deposition witness is one

16   to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related

17   transcript pages receive the same confidentiality designation as the original material.

18   5.    **COURT PROCEDURES**

19         a.    <u>Applicability</u>. When this Order, a statute, a federal or local rule or any

20   other order of the Court permits documents or other things to be filed under seal, the procedures

21   set forth in this paragraph shall apply.

22         b.    <u>Lodging Matter With Request To File Under Seal</u>.  A party authorized by

23   this Order, statute, rule or other Court order to file a document under seal must lodge the

24   document with the Clerk in accordance with this paragraph.  The Clerk shall refer the matter to

25   the assigned Judge pursuant to paragraph 5(d) below.  No document shall be filed under seal

26   except pursuant to a Court order that authorizes the sealing of the particular document or portion

1   thereof and is narrowly tailored to seal only that material for which good cause to seal has been

2   established.

3           c.     Format.  Documents lodged with the Court must be contained in an 8 ½

4   inch by 11 inch sealed envelope or other suitable container.  The party must affix a cover sheet to

5   the envelope or container, which must:

6              (i)     set out the information required by Civil L.R. 3-4(1);

7              (ii)    set forth the name, address and telephone number of the submitting

8   party;

9              (iii)   if filed pursuant to a previous Court order, state the date and name

10  of the judge ordering the matter filed under seal and attach a copy of the order; if filed pursuant

11  to statute or rule, state the authorizing statute or rule and good cause for filing the submitted

12  matter under seal; and

13            (iv)   prominently display the notation:  "DOCUMENT FILED UNDER

14  SEAL."  When permitted by the Court order, the notation may also include:  "NOT TO APPEAR

15  ON THE PUBLIC DOCKET."

16          d.     Motion To File Under Seal.

17           (i)     Except as set forth in 5(d)(ii) below, counsel seeking to file

18  material marked "CONFIDENTIAL" under seal, which is not authorized by statute or rule to be

19  so filed, may file an ex parte motion in accordance with this Court's Civil Local Rules and lodge

20  the document or thing with the Clerk in a manner which conforms with paragraph 5(c) above.  If,

21  pursuant to referral by the Clerk or motion of a party, the Court orders that a lodged document be

22  filed under seal, the Clerk shall file the lodged document under seal.  Documents may not be

23  filed under seal solely based upon this Protective Order.  Each particular document or portion

24  thereof that a party wishes to file under seal must be submitted to the assigned Judge with a

25  narrowly tailored proposed order.  The Court will only entertain requests to seal that establish

26  good cause and are narrowly tailored to seal only the particular information that is genuinely

1   privileged or protectable as trade secret or otherwise has a compelling need for confidentiality.

2   Counsel should not attempt to seal entire pleadings or memoranda required to be filed pursuant

3   to the Federal Rules of Civil Procedure or the Court's Civil Local Rules.

4               (ii)     If a pleading, memorandum of points and authorities, affidavit or

5   declaration contains or discloses a different party's material marked "CONFIDENTIAL," the

6   party may lodge the document or thing with the clerk in a manner which conforms with

7   paragraph 5(c) above.  The party wishing to file material marked "CONFIDENTIAL" must give

8   written notice to the Designating Person that the records have been lodged and will be placed in

9   the public file unless within ten (10) business days of receipt of written notice, the Designating

10  Person files a motion for a sealing order in compliance with paragraph 5(d)(i) above and the

11  provisions of Local Rule 79-5.  If the Designating Person does not file a motion to seal within

12  ten (10) business days (unless extended by stipulation or by Court order), the Designating Person

13  shall be deemed to have consented to the public filing of the material marked

14  "CONFIDENTIAL," and the Clerk shall remove the originals from the envelope labeled

15  "DOCUMENT FILED UNDER SEAL" and shall file the complete pleading, memorandum of

16  points and authorities, affidavit or declaration in the public file.  If the Designating Person files a

17  motion to seal within ten (10) days (or longer pursuant to stipulation or Court order), the

18  originals shall remain conditionally under seal until the Court rules on the motion, and thereafter

19  shall be filed in the manner directed by the Court.

20               e.     Effect of Seal.  Unless otherwise ordered by the Court, any

21  material marked "CONFIDENTIAL" filed under seal shall be kept from public inspection,

22  including inspection by attorneys and Parties to the action during the pendency of the case.  Once

23  this case is closed, any material marked "CONFIDENTIAL" filed under seal in a case shall be

24  open to public inspection without further action by the Court ten (10) years from the date the

25  case is transmitted to the National Archives and Records Administration or other Court-

26  designated depository.  However, a party that submitted material marked "CONFIDENTIAL"

1  which the Court placed under seal in a case may, upon a showing of good cause at the conclusion

2  of the case, seek an order which would continue the seal until a specific date beyond the 10 years

3  provided by this rule.  Nothing in this paragraph is intended to affect the normal records

4  destruction policy of the United States Courts.

5          f.     In the event any material designated "CONFIDENTIAL" is used in

6  any hearing or other Court proceeding, the party proffering the material may request that the

7  Court close the courtroom, but the decision of whether to do so rests with the judge presiding at

8  the hearing or proceeding.

9  **6.**    **OBJECTIONS**

10        A party or any interested member of the public may challenge any designation

11  under this Order at any time.  A challenge may be made by the party serving on affected Parties a

12  captioned notice of objection, which shall identify with particularity the items as to which the

13  designation is challenged and propose a new designation for each item.  If the Designating Party

14  fails to redesignate the material within ten business days (or thirteen business days if service is

15  by mail) and after good faith meet and confer, the objecting party or interested member of the

16  public may file and serve a motion for an order of the Court redesignating the material.  The

17  Designating Party shall have the burden of showing why the material marked

18  "CONFIDENTIAL" warrants protection pursuant to Rule 26(c) of the Federal Rules of Civil

19  Procedure.  The original designation shall remain effective until five business days after entry of

20  an order redesignating the materials.

21  **7.**    **THIRD PARTIES**

22        a.    <u>Third Party Confidentiality</u>.  Where a discovery request, subpoena or

23  deposition question calls for otherwise discoverable information that is subject to an obligation

24  of confidentiality owed to another, the person to whom the discovery request, subpoena or

25  deposition question is directed shall promptly, and in no event later than ten (10) calendar days

26  after determining that the discoverable information is subject to an obligation of confidentiality

1  owed to another:

2            (1)    identify to the party seeking the information the name and address

3  of each person whose confidentiality interests are implicated by the discovery request, subpoena

4  or deposition question, or, if the identity of the third party itself is confidential, the existence of

5  third party confidentiality obligations, and

6            (2)    provide to each such person whose confidentiality interests are

7  implicated:

8            (a)    notice of such discovery request, subpoena or question

9  seeking disclosure of materials or information held under obligations of confidentiality; and,

10            (b)    a copy of this Protective Order.

11      The party or third party to whom the discovery request, document or deposition

12  subpoena, or deposition question has been directed shall produce responsive information (or in

13  the case of a deposition question, answer the deposition question) if the person whose

14  confidentiality interests are implicated does not formally object in writing to counsel for the

15  requesting party within fifteen (15) calendar days of being notified of the request, or unless the

16  party or third party from whom the information is requested seeks a protective order from the

17  Court preventing such disclosure.  If the third party objects on the basis that the party must

18  review the requested documents before production, the party or third party to whom the

19  discovery request, document or deposition subpoena, or deposition question has been directed

20  shall provide the requested documents to the third party within ten (10) business days.  After

21  receipt of the requested documents, the third party shall have ten (10) business days to object or

22  move for a protective order.  There shall be no disclosure until the Court rules on such a motion,

23  and then only in accordance with such ruling, or, if no motion is made, until the period for

24  objecting or making such a motion expires, at which time the person receiving the discovery

25  request, subpoena or deposition question shall be entitled to comply with it provided such person

26  has complied with the terms of this paragraph.

STIPULATED PROTECTIVE ORDER

1          b.     <u>Requests From Third Parties</u>.  In the event any party having possession,

2    custody or control of any material marked "CONFIDENTIAL" receives a subpoena or other

3    process or order to produce such information in another, unrelated legal proceeding, from a non-

4    party to this action, such party shall immediately notify counsel for the Designating Person of the

5    subpoena or other process or order, furnish counsel for the Designating Person with a copy of

6    said subpoena or other process or order in sufficient time within which the Designating Person

7    may take the necessary steps to quash or otherwise object to the subpoena, and cooperate with

8    respect to all reasonable procedures sought to be pursued by the Designating Person whose

9    interests may be affected.

10   **8.**    **NO PREJUDICE**

11          a.     Nothing in this Order shall preclude any party from seeking and obtaining

12   additional or different protection with respect to the confidentiality of discovery.

13          b.     This Order shall not diminish any existing obligation or right with respect

14   to material marked "CONFIDENTIAL," nor shall it prevent a disclosure to which the

15   Designating Person consents in writing before the disclosure takes place.

16          c.     Unless the Parties stipulate otherwise, evidence of the existence or

17   nonexistence of a designation under this Order shall not be admissible for any purpose during

18   any proceeding on the merits of this action or any other action.

19          d.     A party may seek by written agreement or court order to make late

20   designations of material otherwise entitled to protection under this Order if the party failed to

21   make a timely designation through mistake or inadvertence and failed to correct such error

22   within a reasonable time in accordance with the requirements of paragraph 13.

23          e.     Nothing in this Order shall preclude any party to the lawsuit or their

24   attorneys from disclosing or using, in any manner or for any purpose, any information or

25   documents which the party itself has designated and which are confidential only to that party

26   itself.

1    **9.     FINAL DISPOSITION**

2          Upon final termination of this action and at the written request of the person

3    designating or producing the material, all material marked "CONFIDENTIAL," all copies and all

4    translations shall be returned to counsel of record for the person that produced the material or, in

5    the case of deposition testimony regarding designated exhibits, the counsel of record for the

6    Designating Person, or in the alternative, the receiving party shall provide to the Designating

7    Person a certification that all such materials have been destroyed within thirty (30) calendar days

8    of the written request.  However, counsel of record may retain pleadings, attorney and consultant

9    work product, depositions, transcripts and exhibits for archival purposes.  Any tangible things

10   produced, including but not limited to product exemplars, other than commercially available

11   products purchased by the receiving party, shall be returned to the producing party upon final

12   termination of this action.

13   **10.    ERROR IN DESIGNATION**

14         The inadvertent or unintentional production of documents containing, or

15   otherwise disclosing, private, proprietary or secret information without being designated

16   "CONFIDENTIAL" at the time of production or disclosure shall not be deemed a waiver in

17   whole or in part of a Designating Person's claim of confidentiality or secrecy under any

18   applicable law, either as to the specific information disclosed or as to any other information

19   relating thereto or on the same or related subject matter.  Any error in designation shall be

20   corrected within a reasonable time after the Designating Person becomes aware of the error.  If

21   the information has been disclosed prior to the corrected designation, that disclosure shall be

22   treated under paragraph 13 of this Order.

23   **11.    MODIFICATIONS AND SURVIVAL**

24         The restrictions imposed by this Order may only be modified or terminated by

25   written stipulation of all Parties or by order of this Court.  This Order shall survive termination of

26   this action.

11                                    Case No. C-04-03932 MMC

PA/52157457.2

1 **12.     IMPROPER DISCLOSURES**

2          If materials marked "CONFIDENTIAL" are disclosed to any person other than in

3  the manner authorized by this Order, the party, third party or person responsible for this

4  disclosure must immediately bring all pertinent facts relating to such disclosure to the attention

5  of all interested Parties, without prejudice to other rights and remedies of the Designating Person,

6  and shall make every effort to prevent further improper disclosure.

7 **13.     INADVERTENT PRODUCTION**

8          Counsel shall exert their best efforts to identify materials protected by the

9  attorney-client privilege or the work product doctrine prior to the disclosure of any such

10  materials or information.  The inadvertent production of any document or thing shall be without

11  prejudice to any claim that such material is protected by the attorney-client privilege or protected

12  from discovery as work product, and no Producing Party shall be held to have waived any rights

13  thereunder by inadvertent production.  If a Producing Party discovers that materials protected by

14  the attorney-client privilege or work-product doctrine have been inadvertently produced, counsel

15  for the Producing Party shall promptly give notice to counsel for the Receiving Party.  If the

16  Producing Party provides prompt notice, the Receiving Party shall take prompt steps to ensure

17  that all known copies of such material are returned promptly to the Producing Party. The cost, if

18  any, for excising such materials by the Receiving Party shall be borne by the Producing Party.

19  The Parties may afterwards contest such claims of privilege or work product as if the materials

20  had not been produced but shall not assert that a waiver occurred as a result of the production.

21 **14.     LIMITATIONS**

22          Notwithstanding any other provision of this Order to the contrary, the

23  confidentiality obligations of this Order shall not apply or shall cease to apply to any information

24  that:

25          a.     at the time of disclosure, was already in the public domain by publication

26  or otherwise;

STIPULATED PROTECTIVE ORDER

PA/52157457.2

1    b. since the time of disclosure, has become, through no act, omission or

2 failure to act on the part of the receiving party, part of the public domain by publication or

3 otherwise;

4    c. at the time of disclosure, was already in the possession of the receiving

5 party, and was not acquired directly or indirectly from the designating party or from any third

6 party under obligation of confidence to the designating party;

7    d. after disclosure, was acquired by the receiving party from a third party

8 lawfully possessing the same and having no obligation of confidence to the designating party

9 hereunder; or,

10    e. the designating party agrees in writing that the material may be disclosed

11 to a third party under no obligation of confidentiality.

12 **15.** **DISCOVERY ONLY**

13    This Order governs only discovery.  At trial, the Parties will redesignate or redact

14 confidential designations as deemed appropriate.

15    [remainder of page intentionally left blank]

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER

1

2                                          BINGHAM McCUTCHEN LLP

3

4

DATED:  June 27, 2005              By:_____/s/_____

5                                              Thomas E. Kuhnle
                                    Attorneys for Mitsubishi Motors North America, Inc.
6                                     and Mitsubishi Motors Credit of America, Inc.

7

8                                          SEVERSON & WERSON, P.C.

9

10  DATED:  June 27, 2005              By:_____/s/_____
                                                Duane M. Geck
11                                  Attorneys for Mitsubishi Motors Credit of America,
                                                    Inc.
12

13                                         DENNIS C. BIRKHIMER

14

15

16  DATED:  June 27, 2005              By:_____/s/_____
                                               Dennis C. Birkhimer
17                                  Attorney for Ukiah Automotive Investments and
                                            Thomas C. Cogliano
18

19                                         MYERS & FULLER, P.A.

20

21

22  DATED:  June 27, 2005              By:_____/s/_____
                                                R. Craig Spickard
23                                  Attorney for Ukiah Automotive Investments and
                                            Thomas C. Cogliano
24

25

26

STIPULATED PROTECTIVE ORDER

1   **IT IS SO ORDERED:**

2   Dated: July 15, 2005                              /s/ Maxine M. Chesney

3                                                     UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER

1  **EXHIBIT A**

2

3  UNITED STATES DISTRICT COURT

4  NORTHERN DISTRICT OF CALIFORNIA

5

6  UKIAH AUTOMOTIVE INVESTMENTS, d.b.a.   No. C-04-03932 MMC
   UKIAH MITSUBISHI ET AL.

7          Plaintiff,   UNDERTAKING CONCERNING
        v.   MATERIAL COVERED BY
                                           PROTECTIVE ORDER
8  MITSUBISHI MOTORS OF NORTH
9  AMERICA, INC. ET AL.,

10         Defendants.

11

12     I hereby acknowledge that I have read the Stipulated Protective Order dated

13  May __ 2005, entered in the United States District Court for the Northern District of California,

14  in the action entitled *Ukiah Automotive Investments et al. v. Mitsubishi Motors of North America,*

15  *Inc. et al.,* Case No. C0-04003932 MMC, and I agree to be bound by it and to treat material

16  marked "CONFIDENTIAL" as required by that Order.  I also agree to use information

17  designated under the Stipulated Protective Order solely for purposes of this litigation.

18

19  Dated: _____   _____
20                                      Signature

21                            Name: _____
22                            Title: _____
23                            Employer: _____
24                            Address: _____
25                                     _____
26

16                          Case No. C-04-03932 MMC

STIPULATED PROTECTIVE ORDER

PA/52157457.2