IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UKIAH AUTOMOTIVE INVESTMENTS,<br><br>    Plaintiff,<br>  v.<br><br>MITSUBISHI MOTORS OF NORTH AMERICA, INC., et al.,<br><br>    Defendants | No. 04-3932 MMC<br><br>**ORDER DENYING THIRD PARTY'S MOTION TO DISQUALIFY AND FOR A PROTECTIVE ORDER; VACATING HEARING** |

MITSUBISHI MOTORS CREDIT OF AMERICA, INC.,

    Counterclaimant
  v.

UKIAH AUTOMOTIVE INVESTMENTS,

    Counterdefendant

MITSUBISHI MOTORS CREDIT OF AMERICA, INC.,

    Cross-claimant
  v.

THOMAS COGLIANO,

    Cross-defendant

UKIAH AUTOMOTIVE INVESTMENTS,

    Counterclaimant, and

THOMAS COGLIANO,

    Cross-claimant
  v.

MITSUBISHI MOTORS OF NORTH AMERICA, INC., et al.

    Counterdefendants and cross-defendants
_____/

Before the Court is the motion, filed October 11, 2005 by Michael Korman ("Korman"), a potential witness in the above-titled action, to disqualify counsel of record for plaintiff and for a protective order. Plaintiff Ukiah Automotive Investments and cross-defendant Thomas Cogliano (collectively, "Ukiah") have filed opposition, to which Korman has filed a reply.[1] Having reviewed the papers filed in connection with the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for November 18, 2005, and rules as follows.

**A. Motion to Disqualify**

Ukiah's former counsel Myers & Fuller, P.A. ("Myers") represented Korman in the course of an action between Korman and Mitsubishi, which action was resolved by a Settlement Agreement and Release ("Settlement Agreement"). In the instant action, Mitsubishi, joined by Ukiah, has served Korman with a deposition subpoena. (See Thorndal Decl., filed October 11, 2005, Ex. B.) Korman argues that Korman's interest in complying with a confidentiality provision in the Settlement Agreement is adverse to Ukiah's interest in obtaining Korman's testimony as a witness, and, that consequently, Ukiah's counsel should be disqualified.[2] See Cal. Rule Prof. Conduct R. 310(E) (providing attorney shall not, without consent of former client, accept employment "adverse" to former client). Korman argues that the Settlement Agreement contains a "'gag order' which precludes the parties to the agreement from discussing the Korman/Mitsubishi relationship with anyone," (see Korman's Mem. of P. & A., filed October 11, 2005, at 2:9-10), and thus that his prior counsel owes him a duty not to elicit his testimony in the instant action in contravention of such provision. As a result, Korman concludes, a conflict has arisen between counsel's

---

[1] Defendant Mitsubishi Motors Credit of America, Inc. ("Mitsubishi") has filed a response, stating, inter alia, it does not oppose the motion.

[2] Because Myers no longer represents Ukiah, Korman's motion as it pertains to Myers is moot. Ukiah is presently represented by Dennis C. Birkhimer ("Birkhimer") and Eric Wildgrube ("Wildgrube"). Ukiah and Korman dispute Korman's assertion that Birkhimer personally represented Korman. Ukiah and Korman also dispute Korman's contention that any conflict occasioned by Myer's prior representation of Korman should be imputed to Birkhimer and Wildgrube. In light of the Court's findings infra, the Court does not address either of these issues.

2

duty to present evidence on behalf of Ukiah and counsel's duty not to elicit such evidence from Korman.[3]

The Court, having reviewed the terms of the Settlement Agreement,[4] finds the subject confidentiality provision, when read in context, simply prohibits the parties thereto from disclosing the settlement itself, i.e., its terms, both financial and otherwise, and the negotiations in connection therewith. (See Settlement Agreement, filed under seal November 15, 2005, ¶ 30.) The Settlement Agreement does not prohibit either Korman or Mitsubishi from discussing facts and events of which either has knowledge independent of the settlement and the negotiations pertaining thereto. In short, and contrary to Korman's description of the Settlement Agreement as containing a "gag order," nothing in the Settlement Agreement purports to preclude Korman from testifying as a witness in another action involving Mitsubishi, other than as to the terms and conditions of the Settlement Agreement itself and the negotiations conducted in connection therewith.[5]

In the instant case, any evidence pertaining to the Settlement Agreement, including any discussions concerning the Settlement Agreement, would be inadmissible. See Fed. R. Evid. 408. Moreover, there is no indication in any paper filed by Ukiah, Mitsubishi, or Korman that the Settlement Agreement is germane to the instant action. In sum, Korman has failed to demonstrate a conflict exists between the duty of Ukiah's counsel to represent Ukiah in this action and any duty Ukiah's counsel has with respect to Korman. See McPhearson v. Michaels Co., 96 Cal. App. 4th 843, 848 (2002) ("Because the confidentiality clause did not, and could not, preclude [the former client] from testifying as a percipient witness to events concerning plaintiff, the perceived conflict is more apparent than real.")

---

[3]Korman does not contend his interests are otherwise in conflict with those of Ukiah.

[4]The Settlement Agreement has been filed under seal in the instant action.

[5]Indeed, Mitsubishi, the other party to the Settlement Agreement, understands the confidentiality clause to "provide[ ] that Mr. Korman may be compelled to disclose information 'to the extent required by order or legal process issued by a court.'" (See Pinch Decl., filed October 28, 2005, ¶ 9.)

3

Accordingly, the motion to disqualify will be denied.

**B. Motion for Protective Order**

Korman argues that, irrespective of whether Ukiah's counsel is disqualified, Korman is entitled to an order precluding the parties from calling him as a witness. Korman asserts that he has a right to rely on the terms of the Settlement Agreement, which, as noted, he characterizes as a "gag order." Even assuming a potential witness could rely on a privately-negotiated "gag order" to avoid giving relevant and otherwise admissible testimony, an unlikely situation, see id. (noting such provision would be "contrary to public policy"), here the Settlement Agreement contains no such provision. Consequently, Korman is not entitled to the protective order he seeks.[6]

### CONCLUSION

For the reasons stated, Korman's motion to disqualify Ukiah's counsel and for a protective order is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 17, 2005

MAXINE M. CHESNEY
United States District Judge

---

[6] In the alternative, Korman seeks an order providing for a deposition "only on terms the Court deems just under the circumstances." (See Korman's Mem. of P. & A. at 16.) As, to date, no dispute as to the parameters of such deposition has been called to the Court's attention, the Court declines to issue a limiting order at this time.