United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UKIAH AUTOMOTIVE INVESTMENTS,<br><br>    Plaintiff(s),<br><br>vs.<br><br>MITSUBISHI MOTORS OF NORTH AMERICA, INC., et al.,<br><br>    Defendant(s).<br>_____/ | No. C-04-3932 MMC (MEJ)<br><br>**ORDER RE: DEFENDANTS' REQUEST TO COMPEL INTERROGATORY RESPONSES AND DOCUMENT PRODUCTION** |

and related counterclaims

Before the Court are the parties' joint discovery dispute letters, filed May 11, 2006 Docs. ##195, 196. As there are several disputes, the Court shall address each in turn.

**A.  Interrogatories**

    1.    <u>Interrogatory 10</u>

Interrogatory 10 requests that plaintiff Ukiah Automotive Investments ("Ukiah") describe its alleged damages relating to it "dumping" claims, including the amount of damages and their calculation. Ukiah responded generally that it had suffered significant financial damages and hardship, but provided no specifics as to the amount and calculation. Ukiah contends that this interrogatory calls for expert opinion. Defendant Mitsubishi Motors of North America, Inc. ("Mitsubishi") argues that the request calls for Ukiah to set forth all facts at its disposal, not the

opinions of retained experts, and it should therefore be ordered to provide figures and methods of calculation, including the specific amounts claimed for interest, insurance, maintenance and storage costs.

Upon review of the parties' arguments, the Court finds that this interrogatory is relevant and does not call for the opinion of a retained expert. Accordingly, Ukiah shall respond to this interrogatory within 30 days from the date of this Order, including all figures and methods it used to determine its alleged damages. Ukiah shall respond as to all damages, including specific amounts claimed for interest, insurance, maintenance and storage.

2. <u>Interrogatory 18</u>

Interrogatory 18 requests a description of Ukiah's compensatory damages, including the amount and method of calculation of these damages. Ukiah responded generally with a preliminary computation of $4,495,000.00, but no explanation of how it arrived at this calculation. Clearly, if Ukiah can provide a preliminary computation of over $4,495,000.00, it can be expected to provide an explanation of how it arrived at this figure, without the aid of a retained expert. Accordingly, Ukiah shall provide a description of compensatory damages, including the method of calculation, within 30 days from the date of this Order.

3. <u>Interrogatory 19</u>

Interrogatory 19 requests identification of all documents that support Ukiah's calculation of damages. Ukiah responded with a vague reference to "financial statements and records of [Ukiah]." Mitsubishi argues that Ukiah must identify any and all specific documents. The Court agrees. Accordingly, within 30 days from the date of this Order, Ukiah shall identify all documents, by Bates-number or file number, that support its description of compensatory damages.

4. <u>Interrogatories 22 & 23</u>

Interrogatories 22 and 23 request "all facts" regarding Ukiah's allegations concerning Ukiah's 0/0/0 financing program. Ukiah responded that representations were made, but provides no specifics, and that problems with the 0/0/0 program are documented by Mitsubishi's responses to requests for documents and have been testified to at deposition. Mitsubishi argues that Ukiah's

2

response is evasive and Ukiah should be compelled to provide all facts in response to the interrogatories. Again, the Court agrees. Accordingly, within 30 days from the date of this Order, Ukiah shall provide all facts concerning its 0/0/0 financing program allegations in response to Interrogatories 22 and 23. If Ukiah responds with references to documents, it shall identify by Bates-number each document supportive of its allegations. If it responds with references to deposition testimony, it shall identify the deposition testimony by page and line numbers. Ukiah shall also, to the best of its ability, provide the time, content, and other facts concerning the representations identified in response to Interrogatory 23. Ukiah shall not be permitted to use any information responsive to these interrogatories that it fails to provide in response to this Order.

5.   <u>Interrogatory 24</u>

Interrogatory 24 requests "all facts" relating to Ukiah's allegations concerning an alleged oral agreement whereby Ukiah was to sell a minimum of twenty Mitsubishi vehicles within a two month period and Mitsubishi was to pay Ukiah $1,000 per vehicle sold in additional incentive money. Ukiah responded that the incentive program was discussed and ratified by cross-defendant Thomas Cogliano, the owner of Ukiah, and Mitsubishi personnel. Mitsubishi argues that Ukiah must be compelled, at a minimum, to disclose the place, time and specific content of these alleged discussions. The Court agrees. Accordingly, within 30 days from the date of this Order, Ukiah shall provide all facts concerning the discussions referenced in its response, including the place, time, and specific content of the discussions. Ukiah shall not be permitted to use any information responsive to these interrogatories that it fails to provide in response to this Order.

**B.   Document Requests**

1.   <u>RFPs 114 and 127</u>

Requests for Production ("RFP") 114 (to Ukiah) and 127 (to Cogliano) seek documents concerning the lease and purchase of Ukiah's dealership site. Mitsubishi argues that these documents are relevant to Ukiah's and Cogliano's claims for compensatory damages related to property investment, carrying costs on the property, and leasehold improvements. Mitsubishi also argues that they are important to defend against allegations that it promised to finance the purchase

3

of the dealership facility. In the joint letter, Ukiah and Cogliano state that documents responsive to these requests, with the exception of lease documents, are no longer in their possession or custody.

As Ukiah and Cogliano state that the requested documents are no longer in their possession or custody, the Court finds that it should not permit Ukiah and Cogliano to use any such documents to support their case. Accordingly, within 30 days from the date of this Order, Ukiah and Cogliano shall either: (a) produce all responsive, non-privileged documents (as well as a privilege log for any claim of privilege); or (b) serve a declaration, attesting under penalty of perjury, that they have conducted a diligent search of *all* locations at which such materials might plausibly exist, including computerized files, e-mails, voice mails, work files, desk files, calendars and diaries, and any other plausible locations and sources, and that no documents responsive to RFPs 114 and 127 are in their possession, custody or control as defined by Federal Rule of Civil Procedure ("FRCP") 34(a) and *United States v. International Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as the legal right to obtain documents upon demand."). Ukiah and Cogliano shall not be permitted to use any responsive documents that it fails to provide in response to this Order.

    2.    <u>RFPs 19 (to each Ukiah and Cogliano)</u>

RFPs 19 seek 2002, 2003 and 2004 federal and state tax returns. Mitsubishi argues that these tax returns are necessary to understand Ukiah's alleged losses, and investments Ukiah and Cogliano allegedly made in the dealership. Mitsubishi contends that these documents are particularly important in light of Ukiah's and Cogliano's recent attestation that the tax returns are indispensable in calculating their true losses.

In the joint letter, Ukiah and Cogliano state that Ukiah has produced its federal tax returns for 2002 and 2003, and additional returns for both Ukiah and Cogliano are being prepared at this time and will be produced when they are available. As they state generally that "additional returns" are being prepared, and they do not object in the letter to producing any specific tax returns, the Court hereby ORDERS Ukiah and Cogliano to produce Ukiah and Cogliano's 2002 - 2004 federal

4

and state tax returns within 30 days from the date of this Order. If Ukiah and Cogliano are unable to produce any of the returns within 30 days, the parties shall meet and confer and reach an agreement as to the earliest possible date for production. If they are unable to reach an agreement, they shall file a joint letter on the issue.

3. RFPs 109 and 110

RFPs 109 and 110 to Cogliano seek financial documents from Cogliano's other dealership, Santa Rose Chrysler Jeep, Inc. ("SRCJ"). Ukiah's former accounting controller, Deborah Ryken, testified that Ukiah shared expenses with SRCJ. Thus, Mitsubishi argues that the monthly financial statements from that dealership from May 2002 to November 2004 are necessary to accurately analyze Ukiah's alleged damages. Ukiah responds that it is waiving any claim for expenses of Ukiah borne by SRCJ, so production is unwarranted; however, Mitsubishi argues that it needs SRCJ's financial documents to, at a minimum, verify that Ukiah has indeed excluded from its damage calculations any payments made by SRCJ on behalf of Ukiah.

Given the apparent shared expenses with SRCJ, the Court finds that these requests are relevant. Further, although Ukiah states that it is waiving any claim for expenses of Ukiah borne by SRCJ, the Court agrees that Ukiah/Cogliano must produce these documents to, at a minimum, verify that it has excluded any payments made by SRCJ on behalf of UAI, or by UAI on behalf of SRCJ. Accordingly, within 30 days from the date of this Order, Ukiah/Cogliano shall produce the financial documents as requested.

4. RFP 111

RFP 111 to Cogliano seeks information about Folsom Remarketing, an automobile wholesale company owned by Cogliano. Folsom was involved in the final liquidation of Ukiah's vehicle inventory, and it purchased vehicles from Ukiah throughout the dealership's history. Mitsubishi argues that documents concerning Folsom's dealings with Ukiah should be produced to ensure there was no looting of Ukiah by Folsom, and that all amounts charged and services rendered by Folsom were legitimate. The Court agrees. However, RFP 111, as written, is overly broad. Accordingly, Ukiah/Cogliano need only respond as to Folsom's financial dealings with Ukiah and Cogliano. The

1 Court ORDERS Ukiah/Cogliano to provide this narrowed response within 30 days from the date of
2 this Order.

## C.     Computer Inspection

Next, Mitsubishi requests an order permitting it to inspect the ADP computer used to record Ukiah's business transactions.  Although Ukiah claims that it has produced all relevant documents from the computer in paper form, Mitsubishi argues that this is insufficient because many financial statements are missing.  Ukiah also claims that the computer is no longer operational.  Ukiah requests that if the Court orders an inspection, that the inspection be conducted by a neutral at Mitsubishi's expense.

Upon review of the parties' arguments, the Court finds an inspection of the computer appropriate.  Accordingly, unless Ukiah is able to produce the relevant documents in electronic form on its own, Ukiah shall produce the computer to an agreed-upon neutral inspector within 30 days from the date of this Order.  Any expenses shall be borne by Ukiah.

## D.     Privileged Documents

Finally, Mitsubishi states that Ukiah and Cogliano never produced a privilege log as required by FRCP 26(b)(5) and argues that they have waived any objections.  Mitsubishi requests a court order compelling production of all documents, even if they are privileged.  In response, Ukiah and Cogliano argue that they have no privileged documents responsive to Mitsubishi's requests.

It is unclear how Ukiah and Cogliano can object to production of documents based on privilege and then argue that they have no privileged documents.  Although the Court shall not deem all privilege objections waived, Ukiah and Cogliano must certify that they have produced all non-privileged documents in their possession, custody or control as defined by FRCP 34(a) and *United States v. International Union of Petroleum and Industrial Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989), and that no privileged documents exist.  If privileged documents do exist, they must identify them with specificity.  Accordingly, within 30 days from the date of this Order, Ukiah and Cogliano shall (a) produce all non-privileged documents within their possession, custody or control (including in the possession of their attorneys), and (b) produce a privilege log that identifies (i) the

6

claimed privilege or protection, (ii) all persons making and receiving the privileged or protected communication, (iii) the steps taken to ensure the confidentiality of the communication including affirmation that no unauthorized persons have received the communication, (iv) the date of the communication, and (v) the subject matter of the communication.

**IT IS SO ORDERED.**

Dated: May 17, 2006

_____
MARIA-ELENA JAMES
United States Magistrate Judge