IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UKIAH AUTOMOTIVE INVESTMENTS,<br><br>    Plaintiff(s),<br><br>  vs.<br><br>MITSUBISHI MOTORS OF NORTH AMERICA, INC., et al.,<br><br>    Defendant(s).<br>_____/<br>and related counterclaims | No. C-04-3932 MMC (MEJ)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO COMPEL DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION UNDER THE CRIME-FRAUD EXCEPTION** |

### I.  INTRODUCTION

Plaintiff Ukiah Automotive Investments ("Ukiah") brings this action against Mitsubishi Motors North America and Mitsubishi Motors Credit of America (together, "Mitsubishi") for fraud and coercion, and breach of contracts related to Ukiah's Mitsubishi dealership, which is now out of business.  On May 22, 2006, the parties filed a joint letter in which Ukiah and cross-claimant Thomas Cogliano seek to compel deposition testimony and the production of documents based upon an assertion of the crime-fraud exception to the attorney-client privilege.  Upon review of the parties' letter, relevant legal authority, and good cause appearing, the Court hereby DENIES Ukiah's request for the reasons set forth below.

///

## II. DISCUSSION

In its complaint, Ukiah alleges that Mitsubishi's fraud and breach of contracts included the accelerated delivery ("dumping") of vehicles to dealers and the "burning of RDRs" (reporting a car as having been sold when it really had not).  In the parties' letter, Ukiah argues that John McElroy, former VP of Franchise Development and current Senior VP and General Counsel, and Greg O'Neill, former President of Mitsubishi Motor Sales, testified that all discussions concerning vehicle dumping occurred in the presence of Mitsubishi's General Counsel, Ellen Gleberman.  Both deponents further claimed that they knew nothing about the dumping until after it occurred and then, as soon as they learned about it, they sought Ms. Gleberman's counsel.  As to RDRs, Ukiah argues that Messrs. O'Neill and McElroy asserted the attorney-client privilege when questioned on this subject.

Ukiah argues that contradictory deposition testimony concerning when Mitsubishi first became aware of the car dumping and burning of the RDRs, including testimony that Messrs. O'Neill and McElroy had participated in strategic discussions well in advance of the implementation of the dumping scheme.  Thus, Ukiah argues that Mitsubishi was engaged in the fraudulent conduct before consulting with counsel and the utilization of in-house counsel was done to further the unlawful schemes.

In response, Mitsubishi argues that Ukiah and Cogliano fail to make the required prima facie showing for *in camera* review because Messrs. O'Neill and McElroy knew nothing about the dumping until after it occurred and then, as soon as they learned about it, they sought Ms. Gleberman's counsel.  Thus, Mitsubishi argues, the evidence cited by Ukiah and Cogliano shows that the attorney-client discussions at issue served the permitted purposes of full and frank disclosure to an attorney.  Mitsubishi further argues that Ukiah and Cogliano fail to show that Messrs. O'Neill and McElroy intended to solicit attorney advice for the purpose of furthering a fraud.

**A.    Legal Standard**

"The protection afforded by the attorney-client privilege does not extend to any communication 'in furtherance of intended, or present, continuing illegality.'"  *In re Grand Jury*

2

1  *Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996) (quoting *United States v. Hodge & Zweig*, 548 F.2d
2  1347, 1354 (9th Cir. 1977)).  A party who seeks discovery under this crime-fraud exception must
3  make a showing of a violation sufficient to defeat protection and establish some relationship
4  between the communication at issue and the prima facie violation.  *Id.* at 389 n.4 (citing *United*
5  *States v. Laurins*, 857 F.2d 529 (9th Cir. 1988)).

6        To make this prima facie case, the party seeking discovery must satisfy a two-part test.  First,
7  evidence must show that the party "was engaged in or planning a criminal or fraudulent scheme
8  when it sought the advice of counsel." *Id.* at 381 (internal citations omitted).  Second, evidence
9  must also show that the counsel's assistance was obtained in furtherance of the criminal or fraudulent
10 activity.  *Id*.  Thus, a court must find reasonable cause to believe that the attorney's services were
11 utilized in furtherance of an ongoing unlawful scheme.  *Id.* (internal citations omitted).  The
12 "exception does not sweep so broadly that it discourages clients from 'making full disclosure to their
13 attorneys of *past* wrongdoings, in order that the client may obtain the aid of persons having
14 knowledge of the law and skilled in its practice.'"  *Id.* (internal quote omitted; emphasis in original).
15

### B.     Application to the Case at Bar

17        Here, the Court finds that Ukiah and Cogliano have failed to make the required prima facie
18 showing.  They argue that Mitsubishi was engaged in the fraudulent conduct before consulting with
19 counsel.  However, even if Mitsubishi was engaged in such conduct, they have not shown that
20 Messrs. O'Neill and McElroy sought Ms. Gleberman's advice in furtherance of it.  If anything, their
21 testimony shows that they either requested an investigation of the conduct upon learning of the
22 conduct, which was undertaken by Ms. Gleberman as Mitsubishi's General Counsel, or first learned
23 of the conduct through Ms. Gleberman.  *See*, e.g., Doc. #202, Ex. A at 66:11-67:10, 71:2-72:23,
24 76:11-24; Ex. B at 56:17-63:15, 123:5-124:9; and Ex. G at 75:11-24.  As stated above, the crime-
25 fraud exception does not discourage Mitsubishi from making full disclosure to its general counsel of
26 past wrongdoings.  *In re Grand Jury Proceedings*, 87 F.3d at 381.  Ukiah and Cogliano present no
27 evidence suggesting that the alleged dumping or misreporting of RDRs continued after discussions

with counsel, nor do they show that Mitsubishi sought Ms. Gleberman's advice in furtherance of them. For these reasons, the Court finds that Ukiah and Cogliano have failed to meet their burden.

### III. CONCLUSION

Based on the foregoing analysis, the Court hereby DENIES Ukiah and Cogliano's request for deposition testimony and document production under the crime-fraud exception.

**IT IS SO ORDERED.**

Dated: June 5, 2006

MARIA-ELENA JAMES
United States Magistrate Judge